*W. F. Chambers,* for plaintiff.

*E. R. Donohue,* contra.

---

## DAMAGES FROM CHANGE OF GRADE.

[Circuit Court of Wood County.]

CELESTE TABER v. THE CITY OF BOWLING GREEN, OHIO.

Decided, December 17, 1904.

*Street—Property Improved to Natural Grade—Damaged by Change of Grade—No Right of Recovery, When—Necessity for Filing a Claim for Damages.*

1. The fact that a street has been open and used for many years, and property owners have built thereon with reference to the natural grade, does not afford ground for recovery of damages because of a subsequent change to an established grade, where it appears that the change was a reasonable one.

2. The presentation of a claim for damages on account of a change of grade, as required by Section 2315 as it stood at the time the improvement in this case was made, is a pre-requisite to the right to recover damages because of such change.

HULL, J. (orally); PARKER, J., and HAYNES, J., concur.

This action was brought by Mrs. Celeste Taber to recover judgment against the city of Bowling Green, Ohio, for damages which she claims she suffered on account of the change of the grade of Church street in said city, on which her house was situated. It seems that this street was opened a great many years ago and used by the people residing thereon, who built their houses upon it. A few years ago the city decided to improve and grade the street, and pave it, which was done, and in front of Mrs. Taber's house, there being a sort of hollow, it

was filled, and the ground raised there to the height of eighteen inches or two feet probably, so that while her house before the improvement sat some eighteen inches, or two feet above the level of the surface of the ground, after the improvement, the lot being filled in at the sidewalk even with the surface of the ground, the water ran in some, and this, it is claimed, was a damage to her property in some hundreds of dollars, as shown by the evidence in the case.

In the court below after the evidence of the plaintiff was in, the judge directed the jury to return a verdict in favor of the city, and it is to reverse the judgment entered upon this verdict that the proceedings in error were commenced in this court.

I have practically stated the facts in the case as they appear from the bill of exceptions. Under the law of this state Mrs. Taber's right to recover depends upon whether she had the right to rely upon the natural grade of the street as it existed before this improvement was made; whether the circumstances were such that she had any reasonable right to anticipate or suppose that no material change would ever be made in the grade of the street. Streets of a city are of course under the care, control and custody of the city, which has a right to improve them— grade and pave them, and the general right to change the grade if necessary.

Prior to the improvement of Church street no grade had been established for that street; there was nothing but the natural grade as it was called, and those who built thereon built in reference to this natural grade. Mrs. Taber's house was built with reference to it, having a foundation of eighteen inches or two feet, and now it is practically level with the ground.

In our judgment the court did not err in taking this case from the jury and directing a verdict. After reading the record in the case it seems to us that those who built upon that street, including the plaintiff, did so at their own risk. The city had established no grade; the character of the territory there was such, it being higher in some places than others in this street, that it might be reasonably anticipated that when the city came to improve this street, the grade of the street would be changed; it would be necessary to do this to make this improvement in the

proper way.  The low place or depression at or near Mrs. Taber's house was about two feet, and that would necessarily make the fill about the same depth.  This question has been before the Supreme Court and other courts of this state.  The law is laid down in *The City of Akron* v. *The Chamberlain Co.*, 34 O. S., 328, the syllabus reading:

"The owner of a lot abutting on an unimproved street of a city or village in erecting buildings thereon, assumes the risk of all damage which may result from the subsequent grading and improvement of the street by the municipal authorities, if made within the reasonable exercise of their power.

"The liability of a municipality for injury to buildings on abutting lots exists only where such buildings were erected with reference to a grade actually established, either by ordinance or such improvement of the street as fairly indicated that the grade was permanently fixed, and the damage resulted from a change of such grade, or, where the buildings, if erected before a grade was so established, were injured by the subsequent establishment of an unreasonable grade."

The case of *The City of Cincinnati* v. *Penny,* in 21 O. S., 499, is also in point, and a decision by this court, *Neubert* v. *The City of Toledo,* found in 9 C. C., 462, is upon this very question, and reviews the decision of the Supreme Court in the case in the 34th O. S., *supra.*  The court in this case says:

"The fact that a city has left a street for many years with its natural grade, that the public had used the street at that grade for all that time, and that the city has even had sewers laid and sidewalks constructed in such street in that condition, does not preclude the city from afterwards finally adopting a different grade for such street, and a property owner has no right to assume that the city has adopted such original grade for the street."

Those authorities seem to settle this question.  There was no evidence in this case that anything has been done maliciously on the part of the city for the purpose of injuring Mrs. Taber's property; no evidence in the case that she had no right to suppose that the grade of this street would not be at some time changed; no grade had been established there; the street had never been improved; there was nothing but the natural grade,

and, as I have said, from the topography of the street and the character of the territory it was apparent that when the street was improved, it would be necessary to make some slight changes in the grade.

We are inclined further to the opinion that Mrs. Taber could not recover for the reason that she presented no claim for damages to her property as required by Section 2315, Revised Statutes, as it then stood. It is said that the driveway part of the street was first made, and that she did not comprehend the damage that this improvement would be to her property until her sidewalk was built; but the whole improvement was covered by one piece of legislation, and the grade fixed at the same time that the sidewalk grade was, and it seems to us that she might have anticipated what damage it might be to her before the sidewalk was laid, so that it would not be sufficient to excuse her from presenting her claim for damages, and we think that the presentation of her claim was a part of her case rather than a defense to be plead by the city. The statute makes it one of the prerequisites in her right to recover that she should present this claim the same as one should present a claim to an administrator. For these reasons given, the judgment of the court of common pleas will be affirmed.

*Benj. F. James,* for plaintiff.

*P. J. Chase,* City Solicitor, for defendant.